[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO COMPEL ARBITRATION AND FOR INJUNCTIVE RELIEF
The plaintiff filed an application to compel arbitration in accordance with the written agreement between the parties on December 4, 2001 and requests injunctive relief to enjoin the defendant from proceeding to arbitration. The plaintiff is the owner of the real property in question and the defendant is the general contractor. The parties entered into a construction contract for services to be rendered at the plaintiffs' real property. The contract contained an arbitration clause set forth in subparagraph 4.5.1. which provides: "Any controversy or Claim arising out of or related to the contract, or the breach thereof, shall be settled by CT Page 1297-cu arbitration in accordance with the Construction Industry Rules of the American Arbitration Association." The plaintiff asserts that subparagraph 4.3.2. imposes a condition precedent to the arbitration discussed in subparagraph 4.5.1. Subparagraph 4.3.2. states, "Claims, including those alleging an error or omission by The Architect, shall be referred initially to The Architect for action as provided in paragraph 4.4.4. A decision by The Architect, as provided in subparagraph 4.4.4., shall be required as a condition precedent to arbitration or litigation of a Claim."
On October 22, 2001, the plaintiff's claim that the defendants demanded arbitration for the payment of money owed to them. The plaintiffs assert that the defendants have not satisfied the contractual condition precedent to arbitration and therefore, the American Arbitration Association lacks the jurisdiction to arbitrate the defendant's claim. The plaintiff seeks an order compelling the defendant to submit the claim to the architect as well as injunctive relief.
The defendant argues that the main contract contains a broad arbitration clause in subparagraph 4.5.1., which provides, in pertinent part, "Any controversy or Claim arising out of or related to the Contract, or breach thereof, shall be settled by arbitration. . . ." The defendant argues that the language in that paragraph is unrestricted and covers all claims. The defendant argues that subparagraphs 4.3.2. and 4.5.4. are not binding on the arbitrator and do not provide that the architect has the final word on any claim or controversy. The defendant claims that the plaintiffs are incorrect in their contention that the architect has the final decision making authority. The defendant asserts that the arbitrator has the ultimate authority to decide any controversy and is not obligated to accept the architect's decision notwithstanding the terms and conditions contained in the General Conditions relied upon by the plaintiff.
"Unless statutorily mandated . . . arbitration is a creature of contract . . ., a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which he has agreed so to do. . . . This limitation on contractual arbitration includes the requirement of satisfying any condition precedent to arbitration." (Citations omitted; internal quotation marks omitted.) White v. Kampner,229 Conn. 465, 471, 641 A.2d 1381 (1994). The court in White determined that a mandatory negotiation clause was a condition precedent to arbitration. Id., 473. The Supreme Court stated that "the trial court correctly interpreted the contractual language to require satisfaction of the provisions of the mandatory negotiation clause as a condition precedent to arbitration, and correctly determined that this arbitrability issue was one for the courts to determine, not the arbitrator." Id. CT Page 1297-cv Further, in a case relied on by the defendants, the court stated "Arbitration is subject to the strictures of fundamental contractual principles and courts must protect parties' contractual intent and provisions regarding whether they have agreed to submit their disputes to arbitration and the scope of the submission to arbitration. Arbitration is a creature of contract . . . [T]he arbitrator is governed by the terms of the parties' contract. . . . It is also that agreement that sets limits on the arbitrator's authority. In negotiating the agreement, the parties are free to bargain for whatever terms they choose." (Internal quotation marks omitted.) Regional School Dist. No. 9 v. WayneConstruction Co., Superior Court, judicial district of Danbury at Danbury, Docket No. 337880 (May 18, 2000, Moraghan, J.). The defendants' reliance on this case for the proposition that an architect does not have the final decision making authority on contract claims where the contract also contains a broad arbitration clause is misplaced. The supplementary agreement in that case, although labeled 4.3.2., deals only with the architect's decision and its effect on claims and did not contain language concerning a condition precedent to arbitration. However, in this case, subparagraph 4.3.2., although labeled as "Decision of Architect", contains language which states the submission of claims shall be referred to the architect first and his decision shall be "required as a condition precedent to arbitration or litigation of a Claim between the Contractor and Owner as to all such matters arising prior to the date final payment is due . . ."
The decision of the architect is a condition precedent to arbitration and therefore, has not been satisfied by the defendant. There is no indication that the parties will not heed the determinations set forth herein and, therefore, injunctive relief is denied without prejudice. The court, however, will retain jurisdiction of this matter in the event that injunctive relief is necessary to enforce the ruling made by the court.
RUSH, J.